IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEAN MCCLUNG,

          Plaintiff,

v.                                                  CIVIL ACTION NO. 2:12-cv-01648

WESTPORT INSURANCE CORPORATION,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant Westport Insurance Corporation's Motion to Dismiss [Docket 4]. For the reasons discussed below, this motion is **DENIED**.

**I.**    **Facts and Procedural History**

This is an insurance coverage dispute, in which the plaintiff, Jean McClung, seeks declaratory relief. She originally filed this action in the Circuit Court of Kanawha County, West Virginia on April 24, 2012. The defendant, Westport Insurance Corporation ("Westport"), removed the case to this court on May 22, 2012, on the grounds of complete diversity pursuant to 28 U.S.C. § 1332. On May 29, 2012, the defendant filed the instant motion to dismiss, which is ripe for review.

The plaintiff alleges that Ficon Insurance Agency, Inc. ("Ficon") and Conrad L. Fitzwater ("Fitzwater") advised the plaintiff to sell certain mutual fund investments and purchase two other instruments—a "Lease & Advertising Revenue Assignment" and "Lease & Advertising Revenue

1

Assignment IRA." This transaction, according to the plaintiff, resulted from the negligence, carelessness, and breach of accepted standards of care for Ficon and Fitzwater. The plaintiff also alleges that Ficon and Fitzwater acted as an insurance consultant in regard to a "Bonded Life Contract" between the plaintiff and Houston Tanglewood Partners, LLC. The Bonded Life Contract was to mature on February 27, 2012, but no payment has been made. The plaintiff represents that she has been advised that this contract was a criminal enterprise and that she will not recuperate her investment. McClung has filed a separate state court lawsuit against Ficon and Fitzwater.

The defendant in this case, Westport, insured Ficon and Fitzwater. The plaintiff's claims arising from the Lease & Advertising Revenue Assignment and Bonded Life Contract were allegedly reported to Westport, and coverage was denied by letters dated February 24, 2009, and June 4, 2009. Fitzwater then filed for bankruptcy in the Southern District of West Virginia, but the stay has been lifted to permit the plaintiff to seek declaratory relief regarding the availability of insurance coverage from Westport. The bankruptcy court also lifted the stay in the state court action, but provided that any recovery against Fitzwater shall be limited to her liability insurance. Accordingly, the plaintiff requests that the court "adjudge and declare the existence of insurance coverage under the subject policies of insurance to answer for the claims of the plaintiff and for such other relief as the court deems appropriate." [Docket 1-1.]

## II. Motion to Dismiss Standard

A motion to dismiss filled under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarranto v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. Discussion

The parties briefed the motion to dismiss applying the West Virginia Uniform Declaratory Judgment Act. Federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). The federal Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is purely procedural. *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009). As a result, the court must apply the federal, rather than state, Declaratory Judgment Act. *Jones v. Sears Roebuck & Co.*, 5:06-cv-345, 2007 WL 964401, at *2 (S.D. W. Va. Mar. 28, 2007); *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 5:05-cv-41, 2006 WL 839515, at *3 (N.D. W. Va. Mar. 30, 2006); *First Nationwide Mortg. Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 669, 672 n.1 (D. Md. 2002).

The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, permits a federal court to issue a declaratory judgment in a "case or controversy within [the court's] jurisdiction." Such relief "is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotation marks omitted). The Act authorizes a cause of action only; the federal court must be satisfied that it possesses an independent basis for subject matter jurisdiction.

Whether a federal court chooses to hear a suit for declaratory relief is, however, a matter of discretion. 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may declare* the rights and

4

other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added.)) And when there is parallel state court litigation concerning the same subject matter, a district court must consider whether the controversy "can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). A district court may not, however, decline to entertain a declaratory judgment action on a "whim or personal disinclination." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

The existence of parallel state litigation is not enough by itself to compel dismissal and remand. *USF Ins. Co. v. Stowers Trucking, LLC*, 684 F.Supp. 2d 786, 791 (S.D. W. Va. 2010). Instead, several relevant factors, as outlined by the Fourth Circuit in *Nautilus Insurance Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994), may be considered. These factors are: (1) "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts"; (2) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending"; (3) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law'"; and (4) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" *Nautilus Insurance Co.*, 15 F.3d at 377.

In the instant dispute, the state has some interest in the issues because state law applies. But the state's interests are not as strong when the state law issues are not difficult or unsettled. *Stowers Trucking, LLC*, 684 F.Supp. 2d at 791. This declaratory judgment action requires the

court to apply state contract law to interpret the insurance policies. It will probably not turn on complex or novel legal issues. Standing alone, the issues implicated here do not require the court to dismiss the action based on the state's interests.

Next, I must determine whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending. In the state action, Westport is not a party. Of course, the coverage issue might be resolved in some later-filed action in state court, but this possibility alone is not sufficient to justify dismissal. *Nautilus Insurance Co.*, 15 F.3d at 379. Additionally, the issues to be decided in the state court suit pertain to Fitzwater's and Ficon's liability for their investment and insurance advice and sales to McClung. In contrast, the declaratory judgment action deals primarily with interpreting the insurance contracts between Fitzwater and Ficon and Westport. Like I said in *Stowers Trucking*, "I harbor little concern that efficiency will be hamstrung by adjudicating this case in federal court." *Stowers Trucking, LLC*, 684 F.Supp. 2d at 792.

The third consideration is whether permitting the federal action to go forward will result in unnecessary entanglement between the federal and state court systems because of the presence of overlapping issues of fact or law. As I discussed in the previous paragraph, although there may be some factual overlaps, the courts will decide distinct issues that should not influence one another. Therefore, there will not be unnecessary entanglement between the two systems and this factor is not implicated.

The final factor is also not implicated here. The declaratory judgment action is not being used as a mere procedural device to access the federal forum because the plaintiff did not

originally file its declaratory judgment action in federal court. Therefore, this factor weighs against dismissal.

Only the first factor weighs somewhat in favor of dismissal, while the latter three do not provide any reason to dismiss. Absent stronger justification, Westport's Motion to Dismiss [Docket 4] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 16, 2012

_____
Joseph R. Goodwin, Chief Judge